IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L DUNSON,

    Plaintiff,

v.                                    CASE NO. 5:11-cv-323-RS-GRJ

GALINAK KAGON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983 on October 3, 2011, and has been granted leave to proceed as a pauper. Doc. 6. This case is presently before the Court for screening of Plaintiff's First Amended Complaint (Doc. 7), pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*. Plaintiff is presently incarcerated at Union Correctional Institution. The instant Complaint stems from events that occurred while Plaintiff was confined at Jackson Correctional Institution. Plaintiff alleges that he is seeking damages in connection with inadequate medical care. *See* Doc. 7.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 7 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether any federal cases have been dismissed as frivolous, malicious, for failure to state a claim, or prior to

service. In response to these questions, Plaintiff identified only two prior cases: *Dunson v. United States*, Case. No. 5:09-cv-336-RS-GRJ, and *Dunson v. McKinney*, Case No. 5:11-cv-322. *Id*. at 3-4.

A review of the Court's PACER Case Locator reflects that Plaintiff has in fact filed at least seven prior federal cases, including at least one that qualifies as a "strike" for purposes of 28 U.S.C § 1915(g). *See Dunson v. McKinney*, Case No. 5:08-cv-291-SPM-AK, Doc. 33 (12/17/09) (dismissing case pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim); Doc. 58 (2/3/11) (11th Circuit's affirmance of dismissal).

Moreover, it is clear that Plaintiff is aware of the requirement to disclose all of his prior federal cases, because in one of the cases that he disclosed in the instant Complaint he was ordered to show cause as to why that complaint should not be dismissed for failure to disclose all of his prior cases. *See* Case. No. 5:09-cv-336-RS-GRJ, Doc. 62 (6/27/11).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 5:11-cv-323-RS-GRJ*

misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The

court will not tolerate false responses or statements in any pleading or motion filed before it.").

Even if Plaintiff had disclosed all of his prior cases, it is clear that the instant Complaint fails to state a claim upon which relief may be granted.  The Amended Complaint consists of conclusional assertions that Plaintiff's rights have been violated, but is devoid of any factual allegations which would support a conclusion that Defendants are liable to Plaintiff for such violations. *See* Doc. 7.

Accordingly, in view of the fact that Plaintiff was informed by the Court in a previous case of the requirement to disclose all of his previous federal cases, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for abuse of the judicial process and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(b)(2).

**IN CHAMBERS**  this 23rd day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**